PER CURIAM.
We find no error in appellant’s convictions but do find error in the sentencing.
The state concedes that eighteen points were erroneously included on the scoresheet because of a mathematical calculation involved in totaling sections V through VII. Accordingly, these points should be removed from the scoresheet.
Appellant also argues that an additional forty-three points should be removed from the scoresheet because of the alleged use of a firearm or destructive device (eighteen points) and the use of a semi-automatic weapon or machine gun (twenty-five points). The state concedes that eighteen points for use of a firearm should probably have been removed from the scoresheet. However, there is no basis to remove the remaining twenty-five points from the scoresheet because appellant has failed to demonstrate that these points are not attributable to his conviction for the discharge of a firearm in a public place. Appellant finally argues that an additional four points should be removed from the scoresheet for “victim injury,” but the fact that the scoresheet also includes forty points for severe victim injury is not fatal since the applicable guidelines provide that “[vjictim injury shall be scored for each victim physically injured, and for each count resulting in physical injury where there are one or more victims.” Fla. R.Crim. P. 3.701(d)(15) (1994).[1]
JUDGMENT AFFIRMED; SENTENCE VACATED and REMANDED.
W. SHARP, GRIFFIN and THOMPSON, JJ., concur.

. We also observe that, though not mentioned by the parties, the defendant's primary offense may have been scored erroneously as a level ten offense instead of level nine. On remand, the scoring of the attempted murder may be reconsidered as well. § 921.0013, Fla. Stat. (1993).